ORIGINAL

FILED
DEC 29 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE GROS VENTRE & ASSINIBOINE TRIBES, by and through the FORT BELKNAP INDIAN COMMUNITY COUNCIL, the governing body of THE FORT BELKNAP INDIAN COMMUNITY OF THE FORT BELKNAP INDIAN RESERVATION,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 06-931 L

## COMPLAINT

Plaintiffs, by and through the undersigned attorney, for their complaint, hereby alleges as follows:

1. The Gros Ventre and Assiniboine Tribes, governed by the Fort Belknap Indian Community Council of the Fort Belknap Indian Community of the Fort Belknap Indian Reservation (hereinafter Tribes) are federally recognized Indian tribes with their headquarters on the Fort Belknap Indian Reservation in Montana. The Tribes bring this action to obtain an accounting and damages relating to Defendant's repeated failure to fulfill the fiduciary obligations that Defendant owes to the Tribe with regard to the management and accounting of the Tribe's trust funds and trust assets, which obligations are imposed by the U.S. Constitution. and federal treaties. statutes and laws.

## JURISDICTION

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1491 and 28 U.S.C. § 1505. The court also has jurisdiction over this matter as an action arising under the Constitution, treaties, and laws of the United States, including but not limited to:

a. The statutes governing the leasing of Indian lands for agricultural, grazing, oil and gas, timber and other purposes including but not limited to: Act of Feb. 28, 1891, 26 Stat. 795, 25 U.S.C. § 397; Act of June 25, 1910, 36 Stat. 857, 25 U.S.C. § 407; Act of Sept. 20, 1922, 42 Stat. 857, 25 U.S.C. § 400; Act of May 29, 1924, 43 Stat. 244, 25 U.S.C. § 398; Act of May 11, 1938, 52 Stat. 347, 25 U.S.C. § 396a; Act of Aug. 9, 1955, 69 Stat. 539, 26 U.S.C. § 415 as amended; and the Indian Mineral Development Act of 1982, 96 Stat. 1938, 25 U.S.C. § 2101, et seq.

b. The American Indian Trust Fund Management Reform Act of 1994, 101 Stat. 4239, 25 U.S.C. §§ 4001-4061; and

c. 25 U.S.C. §§ 161a, 161b and 162a.

3. The Court also has jurisdiction over this matter pursuant to federal common law defining the fiduciary relationship between Indian tribes and the United States.

## PARTIES

4. Plaintiff Tribes of the Fort Belknap Indian Reservation are federally recognized Indian tribes with all the powers of self-government and all the rights and responsibilities of sovereign Indian tribes. See generally, the Indian Reorganization Act of June 18, 1934, 25 U.S.C. § 476, 477, (§§ 16 &17), as affirmed in Boe v. Fort Belknap Indian Community of Fort Belknap

Reservation, 642 F.2d 276, 277 (9th Cir. 03/16/1981) The Tribes occupy the Fort Belknap Indian Reservation in Montana, which encompasses approximately 700,000 acres.

5. Defendant United States owes trust responsibilities to the Tribes, based on and imposed by the U.S. Constitution, federal treaties and statutes and federal common law, pertaining to the Tribes' trust funds and trust assets, which responsibilities are carried out through the Bureau of Indian Affairs, including among others, the Office of Trust Funds Management and the Special Trustee for American Indians.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

6. Historically, the Tribes occupied a vast territory in the western United States, which constituted its aboriginal lands. See Treaty of Fort Laramie, 11 Stat. 749 (Sept. 17, 1851). The United States agreed to "protect the . . . Indian nations against the commission of all depredations by the people of the said United States." Id. at art. 3

7. By Treaty of October 17, 1855, the United States made a similar promise to protect the Tribes and their territory in the 1855 Treaty with the Blackfeet. The Tribes "agree[d] that citizens of the United States may live in and pass unmolested through the countries respectively occupied and claimed by them." Treaty with the Blackfeet art. 7, Oct. 17, 1855, 11 Stat. 657. The United States agreed to be "bound to protect said Indians against depredations and other unlawful acts which white men residing in or passing through their country may commit." Id. Pursuant to the Treaty of 1855, 11 Stat. 657 and the Acts of Congress of 1874, 18 Stat. 28, and 1888, 25 Stat. 113, a Reservation was established in Montana for the Gros Ventre and Assiniboine Tribes. In 1888, Congress ratified an agreement to reduce the territory of the Gros Ventre, Piegan, Blood, Blackfeet, and River Crow Indian Tribes. See An Act to Ratify and

Confirm an Agreement with the Gros Ventre, ch. 213, May 1, 1888, 25 Stat. 113. In 1896, Congress ratified what later became known as the "Grinnell Agreement," wherein the Tribes agreed to relinquish all right, title, and interest to the mineral-bearing portion of the Little Rocky Mountains in return for certain monetary considerations. Agreement with the Indians of the Fort Belknap Indian Reservation in Montana, ch. 398, 29 Stat. 350 (1895) The Reservation currently comprises approximately 700,000 acres and consists of land originally set aside in 1851, 1855 and 1874, as modified by subsequent statute, executive orders and agreements.

8. A portion of the Fort Belknap Indian Reservation was allotted to individual tribal members of the Tribe by the Act of March 3, 1921, 41 Stat. 1355. The 1921 Act also authorized the construction of irrigation facilities and to lease lands. The 1921 Act further provides that "the lands containing said minerals may be leased under such rules and regulations and upon such terms and conditions as the Secretary of the Interior may prescribe." Sec. 6, Id.

9. As a result of their inherent sovereign rights and the above treaties, agreements, executive orders and statutes, the Gros Ventre and Assiniboine Tribes are the beneficial owners of extensive agricultural and grazing lands, water rights, hunting and fishing rights, oil and gas resources, timber, gravel, funds and other assets held in trust and managed by the United States for the Tribes.

10. Under the Treaty of October 17, 1855, and the Agreements of 1874, 1888 and 1895, and pursuant to the U.S. Constitution, the 1790 Trade and Intercourse Act as amended, 25 U.S.C. § 177, the Act of March 3, 1921, 41 Stat. 1355, and related Acts, and pursuant to general statutes applicable to the management and protection of Indian trust assets and trust funds, including among others 25 U.S.C. §§ 161a, 161b and 162a, and the American Indian Trust Fund Management Reform Act, 25 U.S.C. § 4001 et seq., and under decisions of this Court and the

United States Supreme Court, the United States has a fiduciary duty to the Tribes to be exercised under the most exacting fiduciary standards in managing the Tribe's trust assets and trust funds.

11. Prior to 1946 and continuing to the present, the Untied States as the Tribes' trustee has authorized hundreds of leases, rights of way, and other uses of tribal assets for itself and third parties which have generated or are intended to generate proceeds for the benefit of the Tribes.

12. Defendant has failed to manage the Tribes' trust funds as a prudent administrator and has failed to manage or administer the Tribes' trust assets and other income producing property at lease as well an informed owner of such property, all in violation of its fiduciary and statutory duties of the Tribes.

13. The Defendant has further failed to properly audit and reconcile tribal trust funds and to provide the Tribes with an accounting of such funds in breach of its trust duties to the Tribe.

**CLAIM I**

**(Failure to Properly Collect Funds)**

14. Plaintiff realleges and incorporates by reference the allegations in paragraphs 6 through 13 above.

15. At all relevant times, Defendant has been under fiduciary and statutory obligations to collect funds owing to the Tribe arising from the use by Defendant or by third parties of tribal assets, including agricultural lands, grazing lands, water rights, oil, gas, gravel, timber and other tribal assets under the management and control of the Defendant.

16. In breach of its fiduciary duties to the Tribes and to the Tribes' detriment, Defendant has, among other things, delayed or failed to collect such funds.

17. Defendant's breaches of its fiduciary obligations has resulted in (and continue to result in) losses, as well as mismanagement of, the Tribes' trust funds and other trust property.

**CLAIM II**

**(Failure to Adequately Manage and Administer Trust Funds)**

18. Plaintiff realleges and incorporates by reference the allegations in paragraphs 6 through 17 above.

19. At all relevant times, Defendant has been under fiduciary and statutory obligations to manage and administer funds collected from the use by Defendant or by third parties of tribal assets, including agricultural lands, grazing lands, water rights, oil, gas, gravel, timber and other tribal assets under the management and control of the Defendant.

20. In breach of its fiduciary duties to the Tribe and to the Tribes' detriment, Defendant has failed to adequately manage and administer the funds collected in the following manner:

a. Defendant has delayed in depositing or failed to deposit such collected funds in interest bearing accounts;

b. Defendant has held the funds in its Treasury at inadequate interest rates;

c. Defendant has held the funds in various investments paying inadequate interest rates;

d. Defendant has improperly used such funds for purposes not for the exclusive benefit of the Tribes;

e. Defendant has made expenditures from the Tribes' funds or investments with a higher yield when funds bearing a lower return or no interest were available; and

f. Defendant has otherwise failed to invest and manage such funds to earn maximum income for the Tribes.

21. Defendant's breaches of its fiduciary obligations has resulted in (and continue to result in) losses to, as well as mismanagement of, the Tribes' trust funds and other trust property.

**CLAIM III**

**(Failure to Adequately Administer and Manage Tribal Trust Assets)**

22. Plaintiff realleges and incorporates by reference the allegations in paragraphs 6 through 21 above.

23. Under the Treaty of October 17, 1855, and the Agreements of 1974, 1888 and 1895, and pursuant to the U.S. Constitution, the 1790 Trade and Intercourse Act as amended, 25 U.S.C. § 177, the Act of March 3, 1921, 41 Stat. 1355, and related Acts, 25 U.S.C. § 400, and pursuant to the Statutes regulating the leasing of Indian lands for agricultural, grazing, oil and gas, timber, and other purposes under 25 U.S.C. Chap. 12 and other applicable laws, the Untied States has an obligation to manage and administer the Tribes' lands and resources and other tribal assets in a manner consistent with its superior skill and knowledge and in all instances at least equal to the management of such assets by an informed landowner and/or a trustee. In breach of its statutory and fiduciary duties owed to the Tribes, and to the Tribes' detriment, Defendant has mismanaged the Tribes' land, resources, and other trust assets in the following manner.

24. Defendant has failed to require proper leases, agreements or other authorization for use of tribal assets.

25. Defendant has failed to require lessees and others using the Tribes' trust assets to comply with the terms of their leases, agreement, rights of way or other governing documents.

26. Defendant has failed to terminate leases, agreements, rights of way or other governing documents in accordance with their terms.

27. Defendant's breaches of its fiduciary obligations has resulted in (and continue to result in) losses to, as well as mismanagement of, the Tribes' trust funds and other trust property.

**CLAIM IV**

**(Failure to Properly Account for and Audit Trust Funds)**

28. Plaintiff realleges and incorporates by reference the allegations in paragraphs 6 through 27 above.

29. Under the Treaty of October 17, 1855, and the Agreements of 1888 and 1895, and pursuant to the U.S. Constitution, the 1790 Trade and Intercourse Act as amended, 25 U.S.C. § 177, the Act of March 3, 1921, 41 Stat. 1355, and related Acts, 25 U.S.C. § 400, and pursuant to the American Indian Trust Fund Management Reform, 25 U.S.C. § 4001 et seq., Defendant has a fiduciary obligation to properly account for, provide periodic statements of performance and annually audit tribal trust funds.

30. In breach of its statutory and fiduciary duties owed to the Tribes, and to the Tribes' detriment, Defendant has failed to provide to the Tribe an accounting, periodic statements of performance or annual audits of tribal trust funds in accordance with generally accepted accounting principles and auditing standards.

31. Defendant's breaches of its fiduciary obligations has resulted in (and continue to result in) losses to, as well as mismanagement of, the Tribes' trust funds and other trust property.

## CLAIMS FOR RELIEF

Wherefore the Tribes pray for the following relief:

1. For a determination that Defendant is liable to the Tribe in damages for the injuries and losses caused by the violations of the Defendant's fiduciary and statutory responsibilities to the Tribes.

2. That Defendant be ordered to make such accounting, reports and audits of its management of the Tribes' trust assets and trust funds from August 14, 1946, and before, through the present, as required by the Defendant's fiduciary and statutory responsibilities to the Tribes.

3. For a determination of the amount of damages due the Tribes.

4. To order Defendant to preserve all records of any kind whatsoever pertaining to the Tribes trust funds and trust assets during the pendency of this action.

5. To grant the Tribe prejudgment interest, costs and attorney fees.

6. To grant such other and further relief as the court deems appropriate.

RESPECTFULLY SUBMITTED this 28th day of December, 2006.

JAMES VOGEL, Attorney for the Plaintiffs
PO Box 525
1 Mile West, Hwy 87
Hardin, MT 59034
(406) 665-3900
(406) 665-3901 - fax

LIST OF PLAINTIFFS:

1. Assiniboine Tribe, by and through the Fort Belknap Indian Community Council of the Fort Belknap Indian Community of the Fort Belknap Indian Reservation.

2. Gros Ventre Tribe, by and through the Fort Belknap Indian Community Council of the Fort Belknap Indian Community of the Fort Belknap Indian Reservation.