**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE GROS VENTRE & ASSINIBOINE TRIBES BY AND THROUGH THE FORT BELKNAP INDIAN COMMUNITY COUNCIL, THE GOVERNING BODY OF THE FORT BELKNAP INDIAN COMMUNITY OF THE FORT BELKNAP INDIAN RESERVATION | ) | Case No. 06-931L-NBF |
| Plaintiffs, | ) | **PARTIES' JOINT STATUS REPORT, SECOND JOINT MOTION FOR STAY OF LITIGATION, AND [PROPOSED] ORDER** |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

COME NOW, the Gros Ventre and Assiniboine Tribes ("Tribe") and the United States, by and through their undersigned attorneys of record, and pursuant to this Court's March 28, 2007 Order, jointly submit this Joint Status Report. The Parties also jointly move this Court, pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), for an order continuing the temporary stay of litigation in this case, effective immediately, through March 20, 2009. The Parties' Second Joint Motion for Stay of Litigation is supported by the Declaration of Mary Zuni (the "Zuni Declaration") submitted herewith and is made on the grounds that the Parties are, and have been, actively engaged in a process that could result in a settlement of the issues in this case.

The Parties submit the following as both a status report and the Parties' argument supporting their Second Joint Motion for Stay of Litigation. Since the Court entered its March 28, 2007 Order staying the litigation of this case, the Parties have continued to work toward a

mutually agreeable resolution of the Tribe's claims in this case. The Tribe and the United States are continuing to participate in the Tribal Trust Fund Settlement Project ("TTFSP"), which was established in December of 2004 as a cooperative undertaking between the Office of Historical Trust Accounting ("OHTA"), an office within the Department of the Interior, and the InterTribal Monitoring Association (ITMA"), a national nonprofit consortium comprised of 65 Indian tribes. Zuni Declaration ¶¶ 2, 5 and 6.

The main goal of the TTFSP is to determine whether a framework can be developed to analyze the government's stewardship of Indian trust resources, including the proceeds associated with such Indian trust resources, in order to provide one or more of the participating tribes with alternative dispute resolution approaches for accomplishing one or more of the following objectives: (a) developing a framework to establish historic or current agreed-upon trust account balances; (b) satisfying some or all of the government's obligation to provide an accounting to tribal trust beneficiaries; and (c) resolving some or all of their trust mismanagement claims regarding the government's stewardship of tribal trust resources. Zuni Declaration ¶ 8.

The Tribe is one of seven federally-recognized Indian tribes from around the country that are participating in the TTFSP (the "Project Tribes"). Zuni Declaration ¶ 7. The Project Tribes were chosen to ensure that the TTFSP included a geographically diverse range of Indian tribes with varying land bases, natural resources, and trust accounts. *Id.*

The Cooperative Agreement anticipates that there will be two phases to the TTFSP. Phase I has involved the development of a framework to utilize the information contained in the

reports prepared by Arthur Anderson LLP for each of the Project Tribes. In Phase II, the Phase I framework will be made available for use by any interested Indian tribes (whether or not they participated in Phase I) as an alternative dispute resolution mechanism for their trust mismanagement claims. Zuni Declaration ¶ 9.

In addition, the Parties agree that a stay of this litigation would be cost-effective and promote the interests of judicial economy. There are approximately 101 Tribal trust accounting and trust mismanagement lawsuits currently pending in various Federal courts. *See* Exhibit 1 to the Parties' Joint Motion for Stay of Litigation filed on March 20, 2007

Given that number of cases, counsel for the Parties agree that it would be appropriate for the Tribe and the United States to continue to work together in this case to formulate and execute a joint and cooperative method for handling or resolving this matter without the need for litigation, if possible. To that end, the Parties continue to work diligently on the TTFSP so as to determine the feasibility of using that joint, cooperative approach for resolving the Tribes' issues and claims as an alternative to litigation.

The Parties herein continue to agree that: (a) if the TTFSP is successful, the framework developed there will likely contribute to a resolution of some, or all, of the issues and claims in this case; and (b) a stay of litigation through March 20, 2009, is appropriate so the Parties can be informed and guided in their determination about whether and how to proceed in this case, by the outcomes, developments, and dispositions of the events and activities described above.

Based on the foregoing, the Parties hereby respectfully request that the Court grant the following relief:

a. Continue the stay of litigation of this case, effective immediately, through March 20, 2009, thus deferring, among other things, the time and obligation for United States to file its Answer or otherwise respond to the Complaint until after the termination of the stay;

b. Order that the Parties file a joint status report on or before March 20, 2009, informing the Court of the status of their efforts to resolve the issues and claims in this case and making a proposal to the Court about whether and how to proceed with this case; and

c. Direct that, in the event that the Parties seek to reinstate and proceed with the litigation of this case, the Parties' joint status report shall include their recommendations regarding the deadlines for such items as the filing of the United States' Answer or response to the Complaint and the filing of the Parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, ¶ 4.

The Parties believe that granting this joint motion will serve the public interest by promoting judicial economy and will benefit the Parties by allowing a more cost-effective approach to resolving the issues in this case. Further, it would not cause any undue prejudice or harm to the rights and interests of the Parties herein. The Parties further believe that denial of this joint motion would unduly interfere with the Parties' ability to confer among themselves and with the Tribes involved in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing some or all of the issues in the 101 pending cases.

WHEREFORE, the Parties respectfully request that their second joint motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 10th day of April, 2008.

s/ James L. Vogel________________
James L. Vogel, Attorney of Record for Plaintiffs
Law Offices of James L. Vogel
P.O. Box 525
Hardin, Montana 59034
Tel: 406-665-3900
Fax: 406-665-3901

RONALD J. TENPAS
ASSISTANT ATTORNEY GENERAL

s/ John H. Martin________________
John H. Martin, Attorney of Record
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
TEL: (303) 844-1383
FAX: (303) 844-1350
Attorney of Record for Defendants
john.h.martin@usdoj.gov

OF COUNSEL:
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

HOLLY CLEMENT
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE GROS VENTRE & ASSINIBOINE TRIBES BY AND THROUGH THE FORT BELKNAP INDIAN COMMUNITY COUNCIL, THE GOVERNING BODY OF THE FORT BELKNAP INDIAN COMMUNITY OF THE FORT BELKNAP INDIAN RESERVATION** | ) | **Case No. 06-931L-NBF** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**(PROPOSED) ORDER**

This matter is before the Court on the parties' second Joint Motion for Stay of Litigation. Upon consideration of the motion and for good cause shown, it is hereby ordered that

1. The motion should be and hereby is GRANTED;

2. Effective immediately, this matter is stayed until March 20, 2009, so that the parties may explore the possibility of settlement discussions and undertake related activities such as informal requests and productions of relevant and potentially relevant documents and data for settlement discussions;

3. Defendant does not need to file its Answer or otherwise respond to the allegations in the Complaint, until after the stay in this matter has expired or been vacated;

4. The parties shall file a status report on or before September 20, 2008, and on or before March 20, 2009, informing the Court of the status of their efforts to resolve the issues and claims in this case and making a proposal to the Court about whether and how to proceed with this case;

and

5. In the event that the Parties seek to reinstate and proceed with the litigation of this case, the Parties' joint status report shall include their recommendations regarding the deadlines for such items as the filing of the United States' Answer or response to the Complaint and the filing of the Parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, ¶ 4.

SO ORDERED.

HON. NANCY B. FIRESTONE
United States Court of Federal Claims